IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| GEORGE W. HENRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:15-CV-60 (MTT) |
| ) | |
| HSBC MORTGAGE SERVICES INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

Defendant HSBC Mortgage Services Inc. ("HSBC") has moved to dismiss Plaintiff George W. Henry's complaint for failure to state a claim. (Doc. 3). For the following reasons, the motion is **GRANTED**.

### I. BACKGROUND

On September 3, 2013, HSBC non-judicially foreclosed on real property Henry owned in Eatonton, Georgia. (Doc. 1-5, ¶ 1). HSBC was purportedly the high bidder at the September 3 foreclosure sale and subsequently filed a Deed Under Power conveying Henry's interest in the property to HSBC. (Doc. 1-5, ¶ 2). According to the complaint, HSBC "was merely the servicer on the Plaintiff's residential mortgage loan on behalf of some still unidentified 'investor' who had purchased the Plaintiff's promissory note and was the owner of the Plaintiff's loan." (Doc. 1-5, ¶ 11). Henry had discussions with HSBC concerning a possible modification of his loan, but instead of considering a modification, HSBC chose to proceed with non-judicial foreclosure. (Doc. 1-5, ¶ 12).

Henry contends the foreclosure was invalid because HSBC did not comply with O.C.G.A. § 44-14-162.2, which requires that notice be provided to the debtor before the initiation of non-judicial foreclosure and that the notice include, among other things, "the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor." Though the foreclosure letter sent to Henry identified HSBC as having full authority to negotiate, amend, or modify his loan, Henry contends that it was the "currently unidentified owner" of his loan who actually had the requisite authority. (Doc. 1-5, ¶ 19). "HSBC's authority, if any, to 'negotiate, amend and modify' the terms of the mortgage [is] set forth in servicing rules and regulations contained within certain Pooling and Servicing Agreements." (Doc. 1-5, ¶ 19).

> Pursuant to the servicing rules in the applicable Pooling and Servicing Agreements, which set forth the authority the loan owners grant to servicers on the owners' loans, such as the Plaintiffs' loan, the servicers, here, HSBC only have limited authority to modify a mortgage such as the Plaintiff's mortgage. HSBC can only modify loans/mortgages for those debtors that meet certain qualification requirements and even for those persons the servicer, such as HSBC in this instance, can only make limited modifications. It [sic] the debtor does not meet the qualification requirements or needs a modification that does not fall within the authority granted to the servicer pursuant to the servicing rules contained in the applicable Pooling and Servicing Agreements the servicer must, in each case, get specific approval from the owner of the loans or the Trustee for the owners of the loans before they can do such a modification. Because of these limitations Servicers, who are not owners of the underlying loan, such as was HSBC as concerned the Plaintiff's loan at issue, they do not have "full authority to negotiate, amend and modify all terms of the mortgage."

(Doc. 1-5, ¶ 20). Additionally, Henry alleges HSBC "has wrongfully pursued, and continues to wrongfully pursue, an eviction action against Henry as concerns of the

property knowing that it is not entitled to possession of the property as the non-judicial foreclosure sale is invalid and void as a matter of law." (Doc. 1-5, ¶ 30).

Based on the foregoing, Henry alleges the foreclosure and HSBC's subsequently recorded Deed Under Power are invalid. (Doc. 1-5, ¶¶ 22-23). Henry asserts claims of wrongful foreclosure and wrongful eviction and seeks damages for emotional distress, punitive damages, and attorneys' fees. Additionally, he seeks a declaration that the foreclosure and foreclosure deed are invalid. (Doc. 1-5, ¶ 37). Henry filed this action in the Superior Court of Putnam County on September 22, 2014. (Doc. 1-5). On February 26, 2015, HSBC removed the case to this Court and has now moved to dismiss the complaint for failure to state a claim upon which relief can be granted. (Docs. 1; 3).

## II. DISCUSSION

### A. Motion to Dismiss Standard

To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) (internal quotation marks and citation omitted). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not

prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted). Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### B. Analysis

#### 1. Wrongful Foreclosure

"Where a foreclosing creditor fails to comply with the statutory duty to provide notice of sale to the debtor in accordance with OCGA § 44-14-162 *et seq.*, the debtor may either seek to set aside the foreclosure or sue for damages for the tort of wrongful foreclosure." *Roylston v. Bank of Am., N.A.*, 290 Ga. App. 556, 559, 660 S.E.2d 412, 417 (2008) (citing *Calhoun First Nat'l Bank v. Dickens*, 264 Ga. 285, 285-286, 443 S.E.2d 837 (1994)). "Georgia law requires a plaintiff asserting a claim of wrongful foreclosure to establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury sustained, and damages." *Heritage Creek Dev. Corp. v. Colonial Bank*, 268 Ga. App. 369, 371, 601 S.E.2d 842, 844 (2004). "[E]ven where a borrower has established duty and breach of duty, it still needs to show a causal connection between the defective notice and the alleged injury." *Id.* at 845. The Plaintiffs must also establish a violation of Georgia's foreclosure statutes. *Harris v. Chase Home Fin., LLC*, 524 F. App'x 590, 592 (11th Cir. 2013) (citing *McCarter v. Bankers Trust Co.*, 247 Ga. App. 129, 543 S.E.2d 755, 758 (2000)).

All of Henry's claims are based on the allegation that HSBC failed to comply with O.C.G.A. § 44-14-162.2, which requires that notice of a non-judicial foreclosure sale "shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure … [,] shall be in writing, [and] shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor."  Henry contends that because HSBC was listed as the entity with the full authority to negotiate, amend, or modify Henry's loan when in fact it did not have full authority, the notice did not comply with § 44-14-162.2 and the foreclosure was wrongful.

In response, HSBC first argues that Henry has failed to sufficiently allege HSBC lacked full authority to modify the loan because the only alleged facts in support are "general references to unidentified 'Pooling and Servicing Agreements.'"  (Doc. 3-1 at 9).  While the Court agrees the allegations are somewhat vague, Henry has not simply alleged that HSBC lacked full authority because of its loan servicer status.  Rather, he provides further detail, alleging that HSBC's authority is limited by the applicable Pooling and Servicing Agreement.

HSBC next argues that it substantially complied with O.C.G.A. § 44-14-162.2.  In support, HSBC cites *TKW Partners, LLC v. Archer Capital Fund, LP*[1] and *Stowers v. Branch Banking & Trust Co.*[2] in which the Georgia Court of Appeals held substantial compliance with the statute was sufficient.  In *TKW*, the Georgia Court of Appeals held a notice of foreclosure that included the name and contact information of the lender's attorney, who "had as much authority as any individual to negotiate a loan modification

---

[1] 302 Ga. App. 443, 691 S.E.2d 300 (2010).

[2] 317 Ga. App. 893, 731 S.E.2d 367 (2012).

on [the lender's] behalf," substantially complied with the statute. 302 Ga. App. at 445-46, 691 S.E.2d at 303. The court reasoned that the debtor was "apprised of the appropriate contact information for [the lender] if [the debtor] wished to pursue a modification of the security deed." *Id.* at 446, 691 S.E.2d at 303.

In *Stowers*, the court applied *TKW* and concluded a notice of foreclosure that identified the lender's attorney as the individual with the full authority to negotiate, amend, or modify the loan—when in fact the lender was the one with that authority—substantially complied with the statute. 317 Ga. App. at 894-95, 731 S.E.2d at 369-70. "[The attorney] did not have full authority to modify the terms of the debtor's loan obligation. Rather, [he] was authorized to receive communications from the debtor, to convey them to the bank, to make recommendations, and to convey the bank's position to the debtor." *Id.* at 895, 731 S.E.2d at 369.

Henry argues reliance on *TKW* and *Stowers* is misplaced for two reasons. First, they are factually distinguishable, and second, HSBC's reading of them directly conflicts with the Georgia Supreme Court's holding in *You v. JP Morgan Chase Bank*.[3] As to Henry's second contention, the Georgia Supreme Court in *You* expressly declined to decide whether substantial compliance with O.C.G.A. § 44-14-162.2 would be sufficient. 293 Ga. at 69, 75, 743 S.E.2d at 430, 434. The Northern District of Georgia certified three questions to the Georgia Supreme Court, the second of which asked whether O.C.G.A. § 44-14-162.2 "require[s] that the secured creditor be identified in the notice described by that statute." *Id.* at 69, 743 S.E.2d at 430. The court answered in the negative:

---

[3] 293 Ga. 67, 743 S.E.2d 428 (2013).

> If [the individual or entity who has the full authority to negotiate, amend, and modify all terms of the mortgage] is the holder of the security deed, then the deed holder must be identified in the notice; if that individual or entity is the note holder, then the note holder must be identified. If that individual or entity is someone other than the deed holder or the note holder, such as an attorney or servicing agent, then that person or entity must be identified. The statute requires no more and no less.

*Id.* at 74-75, 743 S.E.2d at 433-34. The third certified question asked if substantial compliance was sufficient, but it was conditioned on an affirmative answer to the second question. Therefore, the court declined to decide the third question. Thus, contrary to Henry's argument, the Georgia Supreme Court's holding on what § 44-14-162.2 requires does not foreclose substantial compliance with the statute being sufficient. *Cf. Stowers*, 317 Ga. App. at 894, 731 S.E.2d at 369 (determining notice did not fully comply with statute but that it still substantially complied).

As to Henry's argument that *TKW and Stowers* are distinguishable, the Eleventh Circuit has recently applied the substantial compliance doctrine to a similar factual scenario. *Haynes v. McCalla Raymer, LLC*, --- F.3d ---, 2015 WL 4188459 (11th Cir.). In *Haynes*, the notice of foreclosure identified the servicer as the entity with the full authority to modify the loan even though Fannie Mae was ultimately responsible for the decision. *Id.* at *5. The court observed, citing *TKW* and *Stowers*, that under Georgia law

> foreclosure notices substantially comply with § 44–14–162.2 so long as the party listed in the notice was authorized to convey communications to the party that retains full authority to modify the loan or if the notice "apprised [the borrower] of the appropriate contact information" in the event the borrower "wished to pursue a modification."

*Id.* (citations omitted).  Because the notice fell into the latter category (the servicer directed the borrowers to Fannie Mae for loan modification), the notice substantially complied with the statute.  *Id.*

Henry points out that the notices in both *TKW* and *Stowers* identified the lender, which had full authority to modify the loan (though the notices did not specify that the lender had full authority).  He contends that this fact was central to both decisions.  Further, he argues knowing the entity that has full authority to modify the loan is important because homeowners may have different types of options to modify their loans depending on the particular entity.[4]  However, in *Stowers* the court's holding was based on the fact that the attorney identified in the notice "was authorized to receive communications from the debtor, to convey them to the bank, to make recommendations, and to convey the bank's position to the debtor."  317 Ga. App. at 895, 731 S.E.2d at 369.  Further, the notice in *Haynes* did not identify the entity with full authority.  Though there may be sound policy reasons for requiring strict compliance with § 44-14-162.2, that is not the state of Georgia law as interpreted by the Georgia Court of Appeals or the Eleventh Circuit.

Henry's complaint alleges that HSBC could modify the mortgage itself for certain types of modifications or get specific approval from the owner of the loan for all other types of modifications.  (Doc. 1-5, ¶ 20).  Therefore, the notice provided Henry with the appropriate contact information for modification of his loan because HSBC could either modify the loan itself or get specific approval from the owner.  The Court concludes that,

---

[4] "For example, loans insured through the Federal Housing Administration ("FHA") have different options from non-FHA loans.  Furthermore, all loans owned by the Federal National Mortgage Association ("Fannie Mae") or other government-sponsored enterprises must be considered for the federal Making Home Affordable Program.  Private investors may be permitted to exclude their loans from consideration under such programs."  (Doc. 5 at 14).

based on the allegations in the complaint, the notice substantially complied with the statute, and the complaint thus fails to state a claim for wrongful foreclosure.

### 2. Wrongful Eviction

"The exclusive method whereby a landlord may evict a tenant is through a properly instituted dispossessory action filed pursuant to OCGA § 44–7–50 *et seq.*" *Steed v. Fed. Nat'l Mortg. Corp.*, 301 Ga. App. 801, 805, 689 S.E.2d 843, 848 (2009). "If the landlord evicts a tenant without filing a dispossessory action and obtaining a writ of possession, or without following the dispossessory procedures for handling the tenant's personal property, the landlord can be held liable for wrongful eviction and trespass." *Ikomoni v. Exec. Asset Mgmt., LLC*, 309 Ga. App. 81, 84, 709 S.E.2d 282, 286 (2011). "A landlord-tenant relationship exists between a legal title holder and a tenant at sufferance such that the dispossessory procedures set forth in OCGA § 44–7–50 *et seq.* are applicable." *Steed*, 301 Ga. App. at 805, 689 S.E.2d at 848. "Where former owners of real property remain in possession after a foreclosure sale, they become tenants at sufferance." *Ikomoni*, 309 Ga. App. at 84 n.1, 709 S.E.2d at 286 n.1 (internal quotation marks and citation omitted).

As HSBC points out, Henry has not alleged he has been evicted. Rather, he alleges HSBC "continues to pursue" an eviction action against him. (Doc. 1-5, ¶ 30). If HSBC properly foreclosed, then, assuming it complied with the applicable dispossessory procedures, it would be entitled to evict Henry. The only allegedly improper conduct Henry points to is HSBC's failure to send a foreclosure notice that complied with O.C.G.A. § 44-14-162.2. Because HSBC substantially complied with the

statute, and because Henry has not actually been evicted, his claim for wrongful eviction fails.

### 3. Punitive Damages and Attorneys' Fees

Henry's requests for punitive damages and attorneys' fees are premised on either his wrongful foreclosure or wrongful eviction claim. Because both claims fail as a matter of law, Henry is not entitled to the requested relief.

### III. CONCLUSION

For the foregoing reasons, the Defendant's motion to dismiss (Doc. 3) is **GRANTED**.

**SO ORDERED**, this 10th day of August, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
